UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTEO X.C.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-04679-TLN-AC<br><br>A# 241-108-634<br><br>**ORDER** |

This matter is before the Court on Petitioner Timoteo X.C.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response to the Petition. (ECF No. 6.) Petitioner filed a reply. (ECF No. 11.) For the reasons set forth below, the Petition is DENIED.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention. The facts in this case are not disputed. Petitioner is a noncitizen who entered the United States without admission in 2021 or 2022. (ECF No. 1 at 4; ECF No. 6-2 at 1.) He has no criminal history. (ECF No. 1 at 4; ECF No. 6-1 at 4.)

On March 30, 2026, Petitioner was arrested by immigration authorities at a highway rest area when he stopped to use the bathroom. (ECF No. 1 at 4; ECF No. 6-1.) Thereafter, immigration authorities initiated removal proceedings against Petitioner. (ECF No. 6-1 at 6.) Petitioner had never been encountered by immigration authorities previously. (*Id.* at 4.)

On April 4, 2026, Petitioner filed a habeas petition in the Western District of New York. *Timoteo X.C. v. Freden et al.*, No. 1:26-cv-00682-MAV (W.D.N.Y. Apr. 6, 2026). On May 6, 2026, the court granted the habeas petition and ordered the government to provide Petitioner a bond hearing. (ECF No. 1 at 4.) Petitioner's counsel appears to have been provided notice of the hearing. (ECF No. 6-2 at 5.) On May 14, 2026, an immigration judge held the court-ordered bond hearing. (ECF No. 6-2 at 1.) At the hearing, Petitioner was represented by counsel. (*Id.* at 3.) The immigration judge denied bond upon finding Petitioner was a flight risk such that no amount of bond or conditions would mitigate that risk. (*Id.* at 1–2.) Petitioner appealed the immigration judge's order to the Board of Immigration Appeals. (ECF No. 10.)

Petitioner is now detained at the California City Detention Center. (ECF No. 1 at 5.) He filed a second Petition for Writ of Habeas Corpus in this Court. (ECF No. 1.) The Court appointed counsel for Petitioner. (ECF Nos. 7, 8.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims he has not received adequate procedural protections under the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA"). (ECF No. 1 at 7.) Respondents contend that Petitioner has already received the process 8 U.S.C. § 1226(a) requires. (ECF No. 6 at 2–3.) On reply, Petitioner's counsel states, "Petitioner's bail hearing . . . appears to have met constitutional standards" and "Petitioner appears to have received all the protections he is entitled to under the law," effectively conceding Petitioner's claims. (ECF No. 11 at 2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)).)

As to Petitioner's INA claim, 8 U.S.C. § 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202. As Petitioner concedes on reply, Petitioner has been afforded each of these procedural protections. Petitioner was provided notice of the initial bond hearing, during which he was represented, and he had the opportunity to present evidence. (ECF No. 6-2.) Thus, the Court finds that Petitioner received sufficient procedural protections as afforded by the INA.

As to Petitioner's due process claim, upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court similarly finds Petitioner was given sufficient procedural protections. 424 U.S. 319, 335 (1976). The Court finds Petitioner has a liberty interest in freedom from detention given his many years living in the United States. However, the Court also finds the risk of additional procedural safeguards is low, given that Petitioner concedes his hearing "met constitutional standards," he received notice, had counsel, and was given the

opportunity to present evidence, and has no other specific claims as to procedural deficiency. (ECF Nos. 6, 11.) Finally, the government has a legitimate interest in immigration enforcement and detaining persons who have been determined to be a flight risk after a constitutionally-sufficient hearing. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). On balance, Petitioner was owed notice and a hearing as to his detention and he received those procedures.

Accordingly, Petitioner's INA and Fifth Amendment Due Process claims are denied.[2]

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

2. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Motion for Expedited Ruling (ECF No. 12) are DENIED as moot.

3. The Clerk of the Court shall enter judgment and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[2] Petitioner's claim as to frustration of ability to engage in removal proceedings due to cross-country transfers is similarly denied. (ECF No. 1 at 8.) Petitioner also concedes on reply, he was able to participate in his bond hearing to challenge his detention, thus, the transfers do not appear to have affected his ability to litigate his detention. (ECF No. 11.)